DAVID SHULMAN, Respondent, *v.* MITCHELL M. FRIEDMAN and Others, Copartners, Doing Business under the Firm Name and Style of FRIEDMAN & Co., Appellants.

First Department, November 5, 1920.

**Depositions — examination of defendants before trial — scope of examination.**

In an action for breach of a contract of employment whereunder the plaintiff alleges he was entitled to commissions on the sale of certain specified shares of stock made by the defendant, an examination of the defendants before trial should be limited to the sale of the specified stock and the plaintiff should not be allowed a general examination as to other sales of stock.

APPEAL by the defendants, Mitchell M. Friedman and others, copartners, etc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of August, 1920, denying defendants' motion to vacate an order for the examination of the defendants before trial, and fixing the time and place for such examination.

*Walter E. Godfrey,* for the appellants.

*Charles J. Lane,* for the respondent.

DOWLING, J.:

The complaint herein sets forth the employment of plaintiff by defendants as general manager of their Philadelphia stock brokerage office, upon an agreed compensation of $40 per week and a commission of fifteen cents per share of the preferred

or common stock sold at that office by any one employed therein as salesman, or by the plaintiff personally, for the sale of shares of stock in behalf of the defendants, whether paid for in full or in part payment, or by way of collateral furnished by the customer or customers. It is further alleged that in pursuance of the agreement, plaintiff entered upon his employment, and that in compliance with the agreement, there were sold at the Philadelphia office in the month of January, 1919, partly by salesmen and partly by plaintiff personally, 14,000 shares of stock of the Dayton Coal and Iron Railway Company to William W. Van Baum and 800 shares of the same stock to J. DeWolf Perry, wherein plaintiff's commissions amounted to $2,200, which sum has not been paid, though demanded.

The answer admits the making of a contract of employment of plaintiff by defendants at the salary and commissions set forth in the complaint, but denies that plaintiff was employed as general manager, denies that his duties were as alleged in the complaint, and denies that the commissions were to be paid whether the stock was paid for in full or in part payment or by way of collateral furnished by the customer or customers. It admits that the 14,800 shares of stock in question were sold in their behalf, but denies that they were sold partly by salesmen and partly by plaintiff personally under the agreement and it denies that any sum is due to plaintiff. The answer further sets up as separate defenses (1) an accounting had between the parties and payment of the sum found due thereunder; (2) payment and satisfaction under an agreement of settlement.

The order for examination in view of the pleadings is too broad. As the making of the agreement in the terms claimed by plaintiff is controverted in part, the examination should be allowed as to its terms and conditions; but as the plaintiff is suing for the commissions due him solely on the sale of the specified 14,800 shares of stock he should not be allowed the general examination as to other sales of stock provided for by the order, as these are not relevant to any proof he is required to make to establish his case.

The order appealed from will be reversed, with ten dollars

costs and disbursements, and the application granted to the extent of striking out from the original order for the examination of the defendants herein all that part thereof beginning with the words " the number of shares of preferred and common stock of the Dayton Coal & Iron Railway Company " and concluding with the words " the rate of commission plaintiff was to receive and the amount remaining due to plaintiff," and by substituting in place thereof the following: " and also as to how, when and upon what terms the sale of the 14,000 shares of Dayton Coal & Iron Railway Company stock to William W. Van Baum and the sale of 800 shares of stock of the same company to J. DeWolf Perry were made as well as the person or persons by or through whom such sales were made or negotiated;" the order for examination otherwise to remain as made.

Clarke, P. J., Laughlin, Smith and Greenbaum, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted to the extent stated in opinion. Settle order on notice.